MORGAN ET AL. *vs.* THEIR CREDITORS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The judgement of homologation on the tableau of distribution filed by the syndics, is, in law, a judgement in favor of each creditor to whom a dividend is assigned; and has, in relation to the proceeds in the hands of the syndics, the authority of the thing judged.

MORGAN ET AL.
vs.
THEIR CREDI-
TORS.

The facts are stated in the opinion of the court, delivered by PORTER, J.

In this case, after a tableau of distribution was filed by the syndics, and homologated by the court, a rule was taken on them by the appellants to show cause, why they should not pay over to them a certain sum arising out of a bill of exchange on which the estate the appellants represent has paid a dividend since the failure of Morgan, Dorsey & Co. Whether this payment was made within sufficient time to enable the appellants to have presented their claim before the tableau of distribution was homologated, the record does not inform us.

The syndics opposed to this demand the final decree of the court directing them to pay over the proceeds of the estate in their hands to the persons therein mentioned; and, also, an allegation that the bill of exchange on which this claim had arisen, had already been proved against the estate at the instance of Price, Morgan & Co., and a dividend paid to them.

The court sustained this defence, and from its judgement, this appeal is taken.

The judgement of homologation on the tableau of distribution, filed by the syndics, is, in law, a judgement in favor of each creditor to whom a dividend is assigned; and has, in relation to the proceeds in the hands of the syndics, the authority of the thing judged. So long as that judgement stands unreversed, we do not see how an order can be obtained for the syndics to pay over part of the moneys in their hands to any person not a party to it. By the laws of Spain, formerly in force in Louisiana, the precaution was taken, on paying the creditors who had proved their debts in the *concurso*, to require from them the "*obligacion, y fianza de acreedor de mejor derecho;*" obliging each creditor to repay what was given to him, in case any one with higher claims should thereafter present himself. That law is now repealed. Whether there be an obligation of the same nature, raised

*The judgement of homologation on the tableau of distribution filed by the syndics, is, in law, a judgement in favor of each creditor to whom a dividend is assigned; and has, in relation to the proceeds in the hands of the syndics, the authority of the thing judged.*

by the general principles of our law, we cannot say, and this case does not require us to decide. But if there be, which is doubtful, the action must be against the particular creditor. The right to present the claim in *concurso*, and to be paid out of the funds in the syndics hands, terminates with the judgement. Whether in case of a partial dividend, the creditor might not appear and claim to be paid out of the funds which should subsequent thereto come into the possession of the syndic, we need not say, as the answer avers a final tableau has been homologated.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court, be affirmed with costs.

*Hennen*, for appellant. *Eustis*, for appellee.