EASTERN DIS.
June, 1841.

MORGAN
DORSEY & CO.
vs.
THEIR
CREDITORS.

### MORGAN DORSEY & CO. vs. THEIR CREDITORS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A judgment which has become definitive, cannot be set aside by *consent of parties*, especially when all the parties interested are not present; nor can an attorney deprive his client of the benefit of his judgment without a special power to do so.

A judgment homologating a tableau of distribution, is a judgment in favor of each creditor to whom a dividend is assigned; and has the effect of *res judicata* in relation to the proceeds or money in the hands of the syndic.

This case comes up on a rule taken by Wm. M. Duncan & Sons, who claim to be creditors of the insolvents, on the syndic requiring him to pay them their equal share of the funds, *pro-rata* with the other ordinary creditors who have been paid. The rule is predicated on a judgment, entered up by *consent of counsel*, setting aside another definitive judgment, and recognizing them as creditors for the amount of their claim. The rule was discharged, and they appealed.

*Hennen*, for the appellants.

*Eustis*, for the syndic.

*Simon, J.* delivered the opinion of the court.

This is an appeal from a judgment discharging a rule taken by W. M. Duncan & Sons, on the syndics of the creditors of the insolvents to show cause why they should not be paid the amount of the dividend coming to them, in the same proportion as the other chirographary creditors have been paid, on the sum of $25,238 59, for which they had been placed on the tableau of distribution, and for which they obtained a judgment in this case on the 26th of April, 1832.

The record shows that on the seventh of June, 1827, a tableau of distribution was filed by the syndics of the insolvents, and that W. M. Duncan & Sons were placed thereon as ordinary creditors for the above mentioned sum; that said tableau was opposed by several creditors, namely, by F. Depau and Samuel Hicks; that by a judgment rendered on the first

of May, 1830, the oppositions of Depau and Hicks were sus-
tained and that Duncan & Sons were stricken off said tableau of distribution as creditors. This judgment does not appear to have ever been appealed from.

On the 26th of April, 1832, on motion of the assignees of W. M. Duncan & Sons, and on the written consent of Samuel Livermore, _for F. Depau_, the judgment rendered on the oppositions of Depau and Hicks was set aside and annulled; it was ordered that the assignees of Duncan & Sons be placed on the tableau of distribution for the aforesaid amount, and nothing was done on this order until the rule in question was taken. This last rule is now opposed by the syndic for the mass of creditors interested in the tableau.

We think the judge _a quo_ did not err: It is perfectly clear that the judgment obtained on the first of May, 1830, though rendered on the oppositions of only two of the insolvents' creditors, settled the rights of all the persons concerned in the ableau of distribution, that it enured to the benefit of all the creditors and became the property of the mass, unless regularly annulled, rescinded or corrected within the time and in one of the modes prescribed by law; _C. of Pr._ arts. 548, 556, 564 & 610. No appeal was ever taken from said judgment, no action of nullity was ever brought against it, and one year after its rendition, it had acquired the force of _res judicata_. If so, how could the effect of such a judgment be destroyed by the mere consent of the attorney of one of the creditors? Samuel Livermore, as attorney at law of F. Depau, had even no power, unless specially authorized to do so, to deprive his client of the benefit of his judgment; he had no right to dispose of his client's property, the judgment formed _res judicata_ in his favor as to the claim in question; no one but himself could validly renounce to it; and surely, it cannot be pretended that the other creditors of the insolvents, the extent of whose rights had also been liquidated and determined by the same judgment, can in any manner be bound or prejudiced by the subsequent proceedings had with the consent of an attorney

EASTERN DIS. June, 1841.

A judgment homologating a tableau of distribution, is a judgment in favor of each creditor to whom a dividend is assigned; and has the effect of res judicata in relation to the proceeds or money in the hands of the syndic.

who had no power to bind his client. In the case of *Morgan & Co. vs. their creditors*, 4 *La. Rep.* 173, this court held that "the judgment of homologation on the tableau of distribution filed by the syndics, is, in law, a judgment in favor of each creditor to whom a dividend is assigned; and has, in relation to the proceeds in the hands of the syndics, the authority of the thing judged." Under this principle of law, which, in our opinion, cannot be controverted, it is clear that the judgment rendered on the 26th of April, 1832, and which is now the basis of the rule under consideration, was a direct violation of the rights acquired by the creditors under the judgment concerning the mass, that the tableau of distribution had become definitive, and could not be altered or amended; and we must therefore consider the order annulling the previous judgment on the oppositions, as being in itself a mere nullity.

It is therefore ordered, adjudged and decreed that the judgment of the district court, be affirmed with costs.